IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SHARON BUSH ELLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-143 |
| | ) | |
| UNKNOWN, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

On November 8, 2022, the Clerk of Court accepted for filing a handwritten document captioned with Sharon Bush Ellison as Plaintiff, but no Defendant listed. (Doc. no. 1, p. 1.) Plaintiff's filing describes eviction proceedings which have been commenced against her in state court, and she seeks an order from this Court declaring that she is protected from eviction while she awaits rental assistance from a state agency funded by the federal government. (See generally id.)

According to Loc. R. 4.1, the commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed *in forma pauperis* ("IFP"). In turn, Federal Rule of Civil Procedure 10(a) requires the title of the complaint to name all parties. Here, Plaintiff's filing does not identify a Defendant, and a result of this failure, the Court cannot determine who may be a party to any proceedings in this case, let alone determine from Plaintiff's incomplete filing that it has jurisdiction to hear Plaintiff's

dispute with such party. Indeed, a review of Plaintiff's filings suggests she may be improperly attempting to achieve the functional equivalent of removing a dispossessory action based on state landlord / tenant law. See American Homes 4 Rent Properties Eight, LLC ISAOA v. Green, CV 115-068, 2015 WL 5043222, at *2 (S.D. Ga. Aug. 25, 2015) (Hall, C.J.) (collecting cases for proposition dispossessory actions are matters of state law).

"[A] federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Accordingly, the Court **ORDERS** Plaintiff to submit a complaint naming a Defendant(s) and providing sufficient evidence of federal jurisdiction by no later than Monday, November 28, 2022.[1]

Similarly, Plaintiff must file an updated motion to proceed IFP by November 28, 2022,[2] as her current IFP motion is not supported by any financial information. (See doc. no. 2.) Leave to proceed IFP is discretionary with the Court, and that discretion is to be exercised so as not to deny a party access to the courts solely on account of financial standing. See Denton v. Hernandez, 504 U.S. 25, 31 (1992). Although poverty sufficient to qualify under 28 U.S.C. § 1915 does not require penniless destitution, proceeding IFP is a *privilege*, not a right. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 (1993). Plaintiff must provide sufficient information for the

---

[1]The Court **DIRECTS** the **CLERK** to enclose Form Pro Se 1, Complaint for a Civil Case, stamped with the appropriate case number, with Plaintiff's service copy of this Order.

[2]The Court **DIRECTS** the **CLERK** to enclose Form AO 239, Application to Proceed in District Court without Prepaying Fees or Costs, stamped with the appropriate case number, with Plaintiff's service copy of this Order.

Court to be able to weigh whether she should be permitted to proceed without paying the full filing fee.

If Plaintiff wishes to proceed IFP in this action, she must fill out the enclosed IFP form and provide the Court with current, accurate, and complete financial information. The enclosed Form AO 239 provides Plaintiff with the specific breakdown of expenses that must be disclosed. When asked for details about her expenses and income, she must describe how much she spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance she may receive. She must describe how she gets, or expects to get, the money to pay for those expenses (to include income from any family members who may reside with her or contribute to paying her expenses), and she must disclose whether she is the account owner, or has signature power, as to any accounts with a bank or other financial institution. Upon receipt of the new motion to proceed IFP, the Court will determine whether Plaintiff should be granted leave to proceed IFP or should be required to pay the $402.00 filing fee.

Failure to comply with the terms of this Order by November 28, 2022, will result in a recommendation that this case be dismissed.

SO ORDERED this 10th day of November, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA