IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SHARON BUSH ELLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-143 |
| | ) | |
| UNKNOWN, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On November 10, 2022, the Court directed Plaintiff to submit a complaint naming a Defendant(s) and providing sufficient evidence of federal jurisdiction by November 28, 2022. (See doc. no. 6.) That same November 10th Order directed Plaintiff to submit an updated IFP motion containing current, accurate, and complete financial information. (Id. at 2-3.) The Court cautioned Plaintiff that failing to submit a timely new complaint and updated IFP motion would result in a recommendation for dismissal of this action. (Id. at 3.) The time to respond has passed, but Plaintiff has not submitted either of the required documents.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv.,

Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file a new complaint and updated IFP motion, or even to provide an explanation for her failure to comply with the Court's prior order, amounts not only to a failure to prosecute, but also an abandonment of her case.  This is precisely the type of neglect contemplated by the Local Rules.  The Court cautioned Plaintiff that failing to submit the required documents would result in a recommendation for dismissal. Furthermore, because Plaintiff requested permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

In sum, the time to respond has passed, and Plaintiff has not submitted a new complaint providing sufficient evidence of federal jurisdiction or an updated IFP motion as

required by the Court's prior order.  Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

    SO REPORTED and RECOMMENDED this 2nd day of December, 2022, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA