```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    SOUTHERN DISTRICT OF GEORGIA
                           AUGUSTA DIVISION
```

SHARON BUSH ELLISON,     *

    Plaintiff,     *

    v.     *     CV 122-143

UNKNOWN,     *

    Defendant.     *

# ORDER

This case is closed. (Docs. 22, 23.) Nevertheless, Plaintiff submitted several motions: a motion for evidentiary hearing (Doc. 24); a motion for relief from judgment (Doc. 25); and a motion to amend complaint (Doc. 26). For the following reasons, Plaintiff's motions are **DENIED**.

## I. MOTION FOR RELIEF FROM JUDGMENT

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because it "is not an appeal, . . . it is improper on a motion for reconsideration to

ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit evidence prior to entry of original order and failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. Plaintiff's motion specifies it

is being brought under Rule 60; thus, the Court will analyze her motion under this Rule. Rule 60(b) "allows for relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment." Marsh v. Dep't of Children & Families, 259 F. App'x 201, 205 (11th Cir. 2007) (citing FED. R. CIV. P. 60(b)) (internal quotation marks omitted). "Motions under [Rule 60(b)] are directed to the sound discretion of the district court." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).

Plaintiff's motion asks the Court to reconsider its February 10, 2023 Order (Doc. 22) but provides no grounds for reconsideration. (Doc. 25, at 2.) Plaintiff's motion states:

> The Plaintiff makes this motion under the authorities of Federal Rule of Civil Procedure Rule 60. Relief from a judgment or order grounds (3) fraud, intrinsic and or extrinsic, misrepresentation or misconduct by an opposing party. (b) Error of fact and conclusion contrary to law justifies relief in the above captioned case from the February 10, 2023 judgment and order. The Plaintiff has requested a[n] evidentiary hearing, in support of this motion for relief from the February 10, 2023 judgment and order, also for the purpose of presenting material evidence in the above captioned case, the Plaintiff also request[s] a court reporter be present at said hearing for the preparing of an official record in this case.

3

(Id. at 1-2.) Plaintiff has failed to set forth anything that would justify the Court amending its decision under Rule 60(b). Therefore, Plaintiff is not entitled to any relief, and her motion for relief from judgment (Doc. 25) is **DENIED**.

## II. MOTION FOR EVIDENTIARY HEARING

Plaintiff requests an evidentiary hearing pursuant to Federal Rule of Civil Procedure 78 for "the purpose of presenting material evidence" to support her motion for relief from judgment. (Doc. 24, at 1.) The Court has discretion as to whether to hold an evidentiary hearing concerning Plaintiff's motion for relief from judgment. Cano v. Baker, 435 F.3d 1337, 1341 (11th Cir. 2006) (explaining Kem Mfg. Corp. v. Wilder, 817 F.2d 1517, 1521 (11th Cir. 1987)) ("finding no abuse of discretion in district court's denial of evidentiary hearing in Rule 60(b) post-judgment action, where the district court did not grant relief as a matter of law in the first instance"). Pursuant to Local Rule 7.2, "[m]otions shall generally be determined upon the motion and supporting documents filed as prescribed herein." L.R. 7.2, SDGa. Plaintiff's motion has not presented any grounds that would justify reconsideration; thus, the Court finds a hearing is not warranted or necessary. Plaintiff's motion requesting an evidentiary hearing (Doc. 24) is therefore **DENIED**.

### III. MOTION TO AMEND/CORRECT COMPLAINT

Lastly, Plaintiff seeks leave to amend her complaint pursuant to Federal Rule of Civil Procedure 15. (Doc. 26, at 1.) Plaintiff argues she:

> filed her motion for relief from the November 10, 2022 Order and within the Order included the name of defendants that had been inadvertently left out of the caption of the November 8, 2022 complaint. A clerk processing a complaint that show[s] no defendant in the caption would be defined as a clerical mistake arising from oversight which is governed within the provision of Federal Rule 60. The Plaintiff requested the Defendant be added to the caption of the complaint within her November motion.

(Id. at 2.) The Court construes this as a motion for relief from judgment under Rule 60(a) for corrections based on clerical mistakes, oversights, and omissions. The Court finds that there is no clerical mistake that would warrant relief under Rule 60(a). Plaintiff was directed by Magistrate Judge Brian K. Epps to file an amended complaint naming a defendant by November 28, 2022, and Plaintiff filed her amended complaint on December 6, 2022. (Doc. 6, at 2; Doc. 10.) Pursuant to the Court's February 10, 2023 Order, Plaintiff failed to comply with the November 28, 2022 deadline, and her filings did not comply with the requirements of the November 10, 2022 Order. (Doc. 22, at 2.) As such, there is no clerical mistake, oversight, or omission that warrants relief under Rule 60(a), and Plaintiff's motion for leave to amend/correct her complaint (Doc. 26) is **DENIED**.

5

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motions (Docs. 24, 25, 26) are **DENIED**.  This case remains **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of September, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

6